## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,                                  Crim. No. 17-253 (MJD/BRT)

                Plaintiff,

v.

Cleophus Reed, Jr.,                                             **ORDER**

                Defendant.

---

Nathan Hoye Nelson, Esq., Assistant United States Attorney, counsel for Plaintiff.

Robert A. Lengeling, Esq., Beito & Lengeling, P.A., counsel for Defendant.

---

This action came on for hearing before the Court on June 14, 2018, at the U.S. Courthouse, 316 North Robert Street, St. Paul, MN, 55101. The parties have filed various pretrial motions. Based on the file and documents contained therein, along with the memoranda and arguments of counsel, the Court makes the following Order:

**1.**      **Defendant's Motion for Disclosure of Expert Under Rule 16(a)(1)(G).**

Defendant moves for an order compelling the Government to produce a written summary of the expert testimony it intends to use at trial. The Government responds that it is aware of its obligation under Federal Rule of Criminal Procedure 16 and will fully comply with those obligations. Defendant requests that these disclosures be made no later than thirty days before trial. The Government requests an order that disclosures be made no later than two weeks before trial. The Court agrees that two weeks allows the parties sufficient

notice to prepare for cross-examination. Therefore, Defendant's Motion for Discovery of Expert under Rule 16(a)(1)(G) (**Doc. No. 100**) is **GRANTED IN PART** and **DENIED IN PART**. All Rule 16(a)(1)(F) and (G) disclosures, including the expert witness's curriculum vitae and summary of anticipated testimony, shall be made no later than **two weeks** before trial.

2.      **Defendant's Motion for Disclosure of Jencks Act Materials.**  Defendant moves for an order requiring the Government to submit Jencks Act materials to Defendant at least one week before trial. The Government objects to this motion, but states that it is prepared to provide Jencks material three days before trial, as is the custom in this District. Because the Jencks Act plainly provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case," Defendant's Motion for Early Disclosure of Jencks Act Materials (**Doc. No. 101**) is **DENIED**, with the understanding that the Government agrees to provide Jencks material three days before trial.

3.      **Defendant's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants.** Defendant moves for an order compelling the Government to give notice and disclosure of whether it intends to use, refer to, and/or introduce into evidence at trial the statements or confessions of any co-defendant. The Government opposes this motion as overly broad because Rule 16 only applies to statements made by the Defendant, and statements of co-defendants are only discoverable if they encompass

exculpatory or impeaching *Brady* material, or are required under the Jencks Act. *See United States v. Polk*, 715 F.3d 238, 247-51 (8th Cir. 2013); *United States v. Manthei*, 979 F.2d 124, 126 (8th Cir. 1992). Defendant's Motion for Disclosure of Post-Conspiracy Statements of Co-Defendants **(Doc. No. 102)** is **DENIED**, with the understanding that if a co-defendant will be a witness at trial, the United States agrees to provide any statements of that witness pursuant to the Jencks Act no later than three days prior to trial.

4.    **Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (104); Defendant's Supplemental Motion to Suppress Evidence From Search Warrants (124).** Defendant moves to suppress any physical evidence obtained as a result of the search of his person, the residence located at 705 Emerson Avenue North, #101, Minneapolis, MN, and Defendant's 2003 Chrysler 300. At the hearing, the Government introduced the warrant materials as Exhibits 1–3, but did not call any live witnesses. The parties requested post-hearing briefing on this motion. Defendant shall file his post-hearing brief on the issues raised in his suppression motion no later than **June 21, 2018**, and the Government shall file its response by **June 28, 2018**. The Court will take Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. Nos. 104, 124)** under advisement on **June 28, 2018**, and issue a **Report and Recommendation** to the District Court.

5.    **Defendant's Motion for Discovery.**  Defendant moves for discovery pursuant to Federal Rule of Criminal Procedure 16(a), the Due Process Clause of the Fifth Amendment, and any other statutory or constitutional rules related to discovery. The

Government objects to this motion to the extent it seeks materials beyond the scope of Rule 16, *Brady/Giglio*, and the Jencks Act, but the Government also states that it understands its discovery obligations and will fully comply with those requirements. On this understanding, Defendant's Motion for Discovery (**Doc. No. 106**) is **GRANTED**.

6.    **Defendant's Motion to Produce 404(b) Evidence.** Defendant moves for an order directing the Government to disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial pursuant to Federal Rule of Evidence 404(b). The Government objects to an order requiring it to "immediately disclose" Rule 404(b) evidence. Instead, the Government recommends that notice be provided two weeks before trial. The Government also requests that the order be narrowly drawn to make clear that Rule 404(b) does not encompass acts which are "intrinsic" to the charged offense. "'Other act' evidence is 'intrinsic' when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries' to the crime charged." *United States v. Williams*, 900 F.2d 823, 825 (5th Cir. 1990); *see also United States v. Adediran*, 26 F.3d 61, 63 (8th Cir. 1994) ("[W]here the other crime is so 'inextricably intertwined' with the charged crime . . . Rule 404(b) is not implicated, . . ."). On that understanding, Defendant's Motion to Produce 404(b) Evidence (**Doc. No. 107**) is **GRANTED IN PART** and **DENIED IN PART**. The Government shall produce Rule 404(b) no later than **two weeks** before trial.

7.    **Defendant's Motion to Preserve Rough Notes.** Defendant moves for an order requiring any law enforcement agent, including confidential reliable informant, to

retain and preserve all rough notes taken as part of their investigation. The Government does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes or evidence. The Government does object, however, to any order concerning the disclosure of rough notes, which are not considered statements within the meaning of the Jencks Act, 18 U.S.C. § 3500. *See United States v. Redding*, 16 F.3d 298, 301 (8th Cir. 1994). Therefore, Defendant's Motion to Preserve Rough Notes **(Doc. No. 108)** is **GRANTED IN PART** and **DENIED IN PART**. Law enforcement officials involved in the investigation of this case shall retain and preserve their rough notes, but those notes need not be disclosed to Defendant.

8.    **Defendant's *Giglio* Motion and Motion for *Brady* Material.**  Defendant moves the Court, pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny, for an order compelling disclosure of any evidence in the possession of the Government or any of its agents which is exculpatory or relevant for impeachment purposes. In response, the Government states that it is aware of its obligations under *Giglio* and *Brady* and its progeny and will provide all such material to Defendant. Defendant's *Giglio* Motion **(Doc. No. 109)** and Motion for *Brady* Material **(Doc. No. 110)** are **GRANTED**.

9.    **Defendant's Motion for Disclosure of Confidential Informants.**
Defendant moves for the disclosure of the identities of any confidential informants. The Government responds that this case does involve cooperating individuals who were percipient witnesses to matters relevant to the charges in the Indictment. The Government has disclosed reports summarizing proffer sessions with these individuals, but has

exercised its privilege to withhold the identities of those individuals. *See United States v. Hollis*, 245 F.3d 671, 674 (8th Cir. 2001) (discussing the Government's privilege to withhold identities and noting the "Constitution does not require that prosecutors disclose the identity of confidential informants in every case"). Should this matter proceed to trial, however, the Government indicates that it will provide the names of these individuals pursuant to *Rovario v. United States*, 353 U.S. 53 (1957). Therefore, Defendant's Motion for Disclosure of Confidential Informants (**Doc. No. 111**) is **GRANTED**. The Government will provide the identities of percipient witnesses **three weeks** before trial. To the extent that any informant will be a witness at trial, the Government will provide Jencks Act and *Giglio* material as to that witness no later than **three days** before trial.

10.     **Defendant's Motion to Dismiss Indictment.** Defendant moves to dismiss the indictment on the grounds that the indictment charged conduct by "Cleophus Reed" rather than "Cleophus Reed, Jr." The parties agreed to address this motion in their post-hearing briefing. Defendant's Motion to Dismiss Indictment (**Doc. No. 112**) will be taken under advisement **June 28, 2018**, and the Court will issue a **Report and Recommendation** to the District Court.

11.     **Defendant's Motion for Attorney-Conducted Voir Dire.** This motion (**Doc. No. 113**) is **DENIED** without prejudice to it being raised before the trial judge, District Judge Michael J. Davis.

12.     **Government's Motion for Discovery.** The Government moves for discovery pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and

26.2. Defendant does not oppose the Government's Motion for Discovery (**Doc. No. 115**), which is **GRANTED**.

**13.**    The deadline to submit proposed voir dire and jury instructions, as well as the dates for the final pretrial/status conference and jury trial before United States District Judge Michael J. Davis, will be set following a ruling on Plaintiff's Motions to Suppress and to Dismiss.


Date: June 15, 2018.

                                                    *s/ Becky R. Thorson*
                                                    BECKY R. THORSON
                                                    United States Magistrate Judge